THIBODEAUX, Chief Judge,
concurring.
Ill agree but am bothered by the harsh result of this case and its implications for Ms. Leonards and other similarly aggrieved claimants. Louisiana’s mixed system of jurisprudence acknowledges the supremacy of legislation over jurisprudence. Doerr v. Mobil Oil Corp., 00-947 (La.12/19/00), 774 So.2d 119 (2000). Louisiana Revised Statutes 23:1221(3)(c)(i) specifically references employment that “is proven available to the employee....” If a job is never offered to the employee after the employee has made a diligent effort and has done all that is required, that job, in my view, is not available to that employee. That interpretation com *147 ports with common sense and the practical realities of today’s job market. The majority’s interpretation is consistent with Banks v. Industrial Roofing and Sheet Metal Works, Inc., 96-2480 (La.7/1/97), 696 So.2d 551 and Clay v. Our Lady of Lourdes Regional Medical Center, 11-1797 (La.5/8/12), 93 So.3d 2012. Banks and Clay are too restrictive in their interpretation of “job availability.” This restrictive interpretation is inconsistent with the salutary purposes underpinning our workers’ compensation laws which should be liberally constructed. However, I am constrained to follow these cases until our Louisiana Supreme Court decides otherwise.
I observe that two cases do not form “a series of adjudicated cases,” see Doerr at 129, such that jurisprudence constante applies. Because Louisiana 12does not have a “long line of cases following the same reasoning,” Id. at 128, our supreme court should reexamine the issue of “job availability” using our system of civilian methodology.
For the foregoing reasons, I concur.